**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Delberta Manuel Almaraz, ) | No. CV 10-1348-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| City of Mesa et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The court has before it plaintiff's Motion to Modify and Amend Scheduling Order (doc. 35), defendants' Response and plaintiff's Reply.

Plaintiff has failed to comply with this court's Rule 16 Scheduling Order and now asks for a 4 month extension to the expert disclosure deadline and a 6 month extension to the final supplementation and discovery deadlines. Plaintiff's counsel blames his paralegal for failing to docket the correct dates, blames this court for not adopting his original proposed schedule, blames the defendant for not doing his investigatory work for him and characterizes all his failures as excusable neglect.

Defendants oppose the motion. They note that plaintiff has done little to prosecute this case from the get-go. Plaintiff ignored the warnings given at the Rule 16 conference and the warnings in the Rule 16 Scheduling Order itself. Plaintiff failed to take a single deposition until 6 months after the Order was entered. Plaintiff failed to ever move to

1  compel. Defendants contend they did all the work and complied with all discovery requests.
2  Plaintiff failed to pursue records from third parties (the FBI and health care providers) and
3  expected somehow to rely on defendants to gather plaintiff's evidence for plaintiff.
4  Defendants note that they have already disclosed their expert testimony and would be
5  prejudiced if plaintiff could now form her opinions based on defense theories.

6  In Reply, plaintiff again complains about the deadlines, acknowledges his mistakes
7  and, quite remarkably, believes that the experts did not have to disclose their "actual
8  opinions." Reply at 3. He simply ignored Rule 26(a)(2), Fed. R. Civ. P. Plaintiff actually
9  claims that he thought defendants would "take the lead in procuring the FBI's file". Id. at 5.
10 He actually claims that he relied on defendant to get those files and disclose them to
11 him–even though a party's disclosure obligations do not extend to documents in the hands
12 of third parties. Rule 26(a)(1)(A)(ii), Fed. R. Civ. P. That is what subpoenas are for. We
13 do not labor the point.

14 Plaintiff's submission here falls far short of good cause under Rule 16 (b)(4), Fed. R.
15 Civ. P. And, having let the deadlines expire before seeking amendment, it certainly falls far
16 short of excusable neglect under Rule 6(b)(1)(B), Fed. R. Civ. P. And it is not as though
17 plaintiff had no warning. At the Rule 16 conference, this court expressed its concern over
18 the failure of plaintiff to follow the order scheduling the Rule 16 conference, urged plaintiff
19 to read the Rule 16 order that would follow, and advised that it would enforce it rigidly. See
20 Transcript of Proceedings, Sep. 3, 2010 (doc. 44). And yet the failure to prosecute
21 continued.

22 Our Rule 16 Order was carefully crafted to give the parties the firm trial date they
23 requested. Each date in the sequence of events is dependent on prior dates. Discovery needs
24 to be completed before the dispositive motion deadline. Dispositive motions must be filed
25 four months before the pretrial conference so that they can be briefed, heard if necessary, and
26 decided before trial.   We cannot excuse plaintiff's inexcusable neglect without destroying
27 the remainder of the plan.  This would prejudice not only defendants, but this court's
28 calendar. If plaintiff is prejudiced by her counsel's failures, she has a remedy. We note that

1 plaintiff is represented by a firm which engages in massive and unremitting advertising.

2 We are concerned about many of plaintiff's counsel's statements in both the motion
3 and the reply. He does not seem to understand his obligation to investigate, discover and
4 work up a case in accordance with the court's Scheduling Order and the Federal Rules of
5 Civil Procedure. We urge counsel to prosecute this case within the remaining deadlines.
6 There is still time to show the diligence that has been absent up to this point.

7 At all events, because plaintiff has shown neither good cause nor excusable neglect,
8 it is ORDERED DENYING plaintiff's Motion to Modify and Amend Scheduling Order (doc.
9 35).

10 DATED this 24th day of March, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge