**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Delberta Manuel Almaraz, | ) | No. CV-10-1348-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| City of Mesa, et al., | ) | |
| Defendant. | ) | |

We have before us plaintiff's motion for reconsideration (doc. 55) of our order denying plaintiff's motion to modify and amend the Rule 16 scheduling order (doc. 49).

The scheduling order provided that plaintiff's expert disclosures were due on December 1, 2010 (doc. 8). That date was discussed at the scheduling conference hearing and entered in our Rule 16 scheduling order. There was no ambiguity about the date. We emphasized in our order that the deadlines contained in the order would be "STRICTLY ENFORCED" (emphasis in original).

Nevertheless, plaintiff's counsel did not comply with the expert disclosure deadlines. Instead, he waited almost three months after the expert deadline expired to file his motion to modify the scheduling order. Plaintiff's counsel blames his paralegal for failing to docket the correct dates. He blames opposing counsel for failing to respond to discovery requests, although no motion to compel was filed. He blames telephone connection problems during the Rule 16 hearing. And finally he blames this court for "ignor[ing the parties'] stipulated

1 deadlines." Reply at 2.

2     Under Rule 6(b)(1)(B), Fed. R. Civ. P., where the specified time for the performance
3 of an act has expired, we may extend the time "if the party failed to act because of excusable
4 neglect." To determine whether the failure to meet a deadline resulted from "excusable
5 neglect," we apply an equitable balancing test, considering "(1) the danger of prejudice to
6 the opposing party; (2) the length of the delay and its potential impact on the proceedings;
7 (3) the reason for the delay; and (4) whether the movant acted in good faith." Ahanchian v.
8 Xenon Pictures, Inc., 624 F.3d 1253, 1261 (9th Cir. 2010) (citing Pioneer Inv. Servs. Co. v.
9 Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993)).

10     The length of the delay in the present case was significant. Plaintiff's counsel did not
11 file his request to modify the scheduling order or otherwise explain his tardiness until almost
12 three months after the deadline had passed. Even after defense counsel advised him that the
13 expert deadline had expired, plaintiff's counsel waited another three weeks before filing the
14 motion to enlarge the deadline. When counsel finally filed his motion to modify the
15 scheduling order, he requested not only a four-month extension to the expert disclosure
16 deadline, but also to the discovery cut-off date and the deadline to supplement discovery.
17 He neglected to recognize, however, that these proposed extensions would also upset the
18 dispositive motion deadline of May 6, 2011, which in turn would affect the firm trial date.
19 These extensions would not only prejudice defendants, who had already complied with their
20 own January 3, 2011 expert disclosure deadline, but would also significantly affect the
21 overall Rule 16 schedule and therefore the timely processing of this case.

22     In light of the wide array of excuses, none of which adequately explains the delay, we
23 question whether plaintiff's counsel acted in good faith in attempting to comply with the
24 scheduling order. Counsel's failure to comply with the disclosure deadline did not arise from
25 a misinterpretation of an ambiguous rule, see Pioneer, 507 U.S. at 387, 113 S. Ct. at 1494,
26 or from "forces beyond [his] control" id. Instead, counsel's omission was caused by
27 carelessness and neglect. See id. at 392, 113 S. Ct. at 1496 ("inadvertence, ignorance of the
28 rules, or mistakes construing the rules, do not usually constitute 'excusable' neglect").

Indeed, we have never seen a more egregious neglect of counsel's obligations to understand and keep track of important deadlines. In this very busy district, the Rule 16 scheduling order is the case blueprint. It should be front and center in counsel's attention to the file. It is not aspirational. Firm, but fair, enforcement transforms the legal culture into an awareness of counsel's duty to reduce the cost and delay associated with civil litigation. See E.R. 1.3. Congress has encouraged early and effective control of civil litigation. 28 U.S.C. § 473(a)(2). And a judge has an ethical obligation to "dispose promptly of the business of the court." Canon 3(A)(5), Code of Conduct for United States Judges.

At this point, any prejudice to plaintiff is speculative. If it turns out that plaintiff is prejudiced, she has a remedy against counsel. But the harm to the administration of justice by excusing inexcusable neglect would erode the legal culture's acceptance of judicial control of the process, 28 U.S.C. § 473(a)(2).

Thus, we confirm our prior ruling (doc. 49) that counsel's neglect in failing to comply with the expert disclosure deadline is not excusable. **IT IS ORDERED DENYING** plaintiff's motion for reconsideration (doc. 55).

DATED this 2nd day of May, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 3 -